IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01669-BNB

JAMES R. LAWSON,

      Plaintiff,

v.

PAT WEGNER,
MITCHELL R. MORRISSEY,
JASON A. KRAMER,
UNKNOWN COUNTER OFFICER AT DENVER DISTRICT 4 POLICE STATION ON
      THE MORNING OF OCTOBER 17, 2008, and
MAYOR JOHN HICKENLOOPER,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 0 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

      Plaintiff James R. Lawson initiated this action by filing ***pro se*** a complaint.  On July 21, 2009, Magistrate Judge Craig B. Shaffer ordered Mr. Lawson to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On August 10, 2009, Mr. Lawson filed an amended complaint.  He seeks damages as relief.

      The Court must construe the amended complaint liberally because Mr. Lawson is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court

should not act as an advocate for a *pro se* litigant.  *See id.*

The Court has reviewed the amended complaint and finds that the amended

complaint fails to comply with the pleading requirements of Rule 8.  The twin purposes

of a pleading are to give the opposing parties fair notice of the basis for the claims

against them so that they may respond and to allow the Court to conclude that the

allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891

F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to

meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically,

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lawson alleges in the amended complaint that he is an at-risk adult and that

Defendants violated his rights by failing to investigate his allegations of racketeering,

abuse of an at-risk adult, and unauthorized collection and use of personal identifying

information for fraudulent debt collection.  The Defendants in this action include the

2

Denver District Attorney, two deputy district attorneys in Denver, an unnamed Denver police officer, and the mayor of Denver. Mr. Lawson contends that he submitted a complaint to the Denver District Attorney's Office listing multiple organizations that had committed economic crimes and that the Denver District Attorney's Office did not investigate his complaint. Mr. Lawson also alleges that he filed a similar complaint with the Denver Police Department and that an officer refused to accept the complaint and directed Mr. Lawson to call and have an officer respond to his house. Finally, Mr. Lawson asserts that he notified the Denver District Attorney and Denver Mayor John Hickenlooper that a Denver police officer had refused to accept his complaint and those Defendants failed to initiate an investigation of the officer's actions.

On the basis of these allegations, Mr. Lawson asserts six claims for relief in the amended complaint. His first two claims are constitutional claims pursuant to 42 U.S.C. § 1983. Mr. Lawson specifically asserts in his constitutional claims that his rights to equal protection and due process have been violated. The four other claims Mr. Lawson asserts in the amended complaint are state law claims that do not raise any federal issues. The Court assumes Mr. Lawson is asserting supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Mr. Lawson fails to provide a short and plain statement of his constitutional claims showing that he is entitled to relief. With respect to his equal protection claim, Mr. Lawson makes no allegation that he has been treated differently than any similarly situated individual. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). With respect to

his due process claim, Mr. Lawson fails to allege the deprivation of any constitutionally protected interest in life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). To the extent Mr. Lawson is attempting to compel enforcement of state criminal laws, the Court notes that he may not do so. *See In re Duran*, 483 F.3d 653, 654 (10th Cir. 2007).

Although the amended complaint must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the constitutional claims will be dismissed for failure to comply with the pleading requirements of Rule 8. The Court declines to exercise supplemental jurisdiction over Mr. Lawson's state law claims because the constitutional claims over which the Court has original jurisdiction will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that Mr. Lawson's federal constitutional claims are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over Mr. Lawson's state law claims. It is

FURTHER ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice.

DATED at Denver, Colorado, this _9_ day of _____Sept._____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01669-BNB

James R. Lawson
764 S. Osage Street
PO Box 9758
Denver, CO 80209-0758

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/10/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk